# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-F-08-00207 LJO |
| Plaintiff, | ORDER OF THE COURT IN RESPONSE TO THE REPLY BY THE DEFENDANT |
| vs. | ON THE PENDING MOTION TO AMEND THE PRESENTENCE REPORT |
| MICHAEL EDWARD TURMAN, | |
| Defendant. | |
| _____/ | |

The Court has received and reviewed the Government's opposition to the pending motion, along with the Defendant's reply to that opposition. The reply includes a declaration from Monsignor Craig Harrison.

The argument in the Defendant's reply, coupled with the absence of specific and cited law, leaves only one fair inference for this Court to draw: ***IF*** this is a motion to amend the Defendant's sentence, then the Court lacks jurisdiction. (the Court is aware that the Defendant argues that the motion is not a motion to amend, but rather is a "request to revise a ministerial document.").

As a preface, this Court admits that had it had the information it now has before it, including the request to include the 500 hour substance abuse treatment program, it would have recommended the program as part of the sentencing. Such was not the case, since the Court did not have the additional information. The Court's focus would have been on how best to assure that once the Defendant was released back into society that the citizens would be safer in spite of it. The focus would not have been whether the drug program affected the length of the sentence.

That said, 18 U.S.C. section 3582(b) makes it clear that once a defendant has been sentenced after a judgment of conviction, the judgment is final, and modifications to the judgment are beyond the

1

1   jurisdiction of the Court. (the exceptions to that law are inapplicable to the case at Bench).

2       If the Defendant is seeking a Court statement stating what it would have done had the matter

3   been before the Court at the time when it DID have jurisdiction, he does not need to look beyond this

4   Order to receive it.  Anything beyond that would indeed be a modification which this Court does not

5   have the power to grant.

6       This Court has no jurisdiction to act based on what is before it.  Therefore, the matter set for

7   April 22, 2013 is vacated and is hereby removed from the CALENDAR.

8   IT IS SO ORDERED.

9   **Dated:**   **April 19, 2013**             **/s/  Lawrence J. O'Neill**
                                   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28